of Mrs. Hoff, whatever it was, could not descend to her heirs, for, by the very deed creating the estate, it survived, on her death, to her husband. It was her estate, *sub modo* only. Had Hoff died, it would have become hers absolutely, and on her death descended to her heirs according to section forty-six. The estate she took, in its inception, was one which, by possibility, might become her husband's. That possibility did occur, and the whole estate is vested in him.

Upon the other point made, it is sufficient to say, there is no evidence, from the facts stated and admitted by the demurrer, of an intention to create a trust. Admit the money was furnished by Mrs. Hoff with which the land was bought, she had a clear right to confer an interest in it upon her husband, and such an interest as should, in the event of her death, make him the absolute owner of the whole.

We can perceive no legal or equitable ground on which appellant's claim can be based. The demurrer to the bill was properly sustained, and the decree dismissing the bill must be affirmed, as there is no equity in it.

*Decree affirmed.*

Eʟɪᴢᴀʙᴇᴛʜ MᴄFᴀʀʟᴀɴᴅ *et al.*

*v.*

Eᴍɪʟʏ J. Cᴏɴʟᴇᴇ.

1.   A decree which is supported by the evidence will not be disturbed.

Aᴘᴘᴇᴀʟ from the Circuit Court of Washington county; the Hon. Sɪʟᴀs L. Bʀʏᴀɴ, Judge, presiding.

This case was before this court at the June term, 1867, when the decree was reversed and the cause remanded. The case is reported in 44 Ill. 455, where a statement of the facts may be found.

Upon the cause being remanded to the circuit court, a decree was rendered in conformity with the views of this court, as there announced.

The defendants below again bring the cause to this court by appeal.

Mr. J. M. Durham, for the appellants.

Messrs. Hay & Hosmer, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court.

This case was before this court at a former term, and the decree since rendered is in conformity with the directions we then gave. The evidence of the appellant has been since taken, but, after examining it in connection with the other testimony in the case, we find no reason to change the conclusion at which we formerly arrived. The fact that Mrs. Conlee's money was used in building the house, is shown to have been very clearly admitted, both by her guardian and by the appellant.

*Decree affirmed.*